JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Desjanava Kinslow

## DEFENDANTS
CITY OF PHILADELPHIA, ADA JOHN DOE, OFFICERS JOHN DOE 1-2

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Evan T.L. Hughes, Esq.; Hughes Firm, LLC
1617 JFK Blvd., Suite 2005, Philadelphia PA 19103; 215-454-6680

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS - Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
**28 USC 1983**
Brief description of cause:
**Malicious Prosecution of Innocent Party**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ **in excess of $150,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: **2/3/22**
SIGNATURE OF ATTORNEY OF RECORD: *Evan Hughes*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**Address of Plaintiff:** Desjanava Kinslow, 1707 Kinsey St. Philadelphia, PA 19124

**Address of Defendant:** CITY OF PHILADELPHIA, 1515 Arch St. Philadelphia, PA 19102; ADA JOHN DOE 1515 Arch St. Philadelphia, PA 19102; OFFICERS JOHN DOE 1-2, 1515 Arch St. Philadelphia, PA 19102

**Place of Accident, Incident or Transaction:** Philadelphia County

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/2/2022    *Signature: Evan Hughes*    Attorney I.D. #: 93214

*Attorney-at-Law / Pro Se Plaintiff*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Evan T.L. Hughes**, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 2/2/2022    *Signature: Evan Hughes*    93214

*Attorney-at-Law / Pro Se Plaintiff*    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESJANAVA KINSLOW,** <br> 1707 Kinsey St. <br> Philadelphia, PA 19124 <br>       Plaintiff <br><br> V. <br><br> **CITY OF PHILADELPHIA,** <br> 1515 Arch St. <br> Philadelphia, PA 19102 <br><br> And <br><br> **ADA JOHN DOE** <br> 1515 Arch St. <br> Philadelphia, PA 19102 <br><br> And <br><br> **OFFICER JOHN DOE 1-2** <br> 1515 Arch St. <br> Philadelphia, PA 19102 <br>       Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action <br> No. 22- <br><br><br><br><br><br><br><br><br><br> **Jury Trial Demanded** |

## CIVIL ACTION COMPLAINT

**NOW COMES** DESJANAVA KINSLOW, by and through counsel Evan T.L Hughes, Esquire brings this suit to recover for federal constitutional violations and state law claims. In support thereof, Plaintiff avers as follows:

## NATURE OF THE COMPLAINT

1. Desjanava Kinslow, (hereinafter, "Ms. Kinslow" or "Plaintiff") was arrested on February 3, 2020 for firearms offenses by OFFICERS JOHN DOE 1-2.

2. Ms. Kinslow proceeded to a bench trial that was bifurcated and prosecuted by ADA JOHN DOE on November 30, 2021 and December 7, 2021.

3. On or around December 7, 2021, Ms. Kinslow was found Not Guilty due to the fact that her firearm permit was still legally in effect at the time of her arrest.

4. This miscarriage of justice was directly caused by the malicious prosecution by officials, who with deliberate indifference, pursued prosecution at the expense of justice.

5. As a result of her arrest and these baseless criminal proceedings against her, Ms. Kinslow has experienced significant difficulty in obtaining employment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this civil action is brought pursuant to 42 U.S.C. § 1983 to remedy the deprivation of Plaintiff's rights, secured by the United States Constitution.

7. This Court has pendent jurisdiction pursuant to 28 U.S.C. §1367 to hear and address related state-law claims.

8. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b), as the claims at issue in this action arose in this District.

## JURY DEMAND

9. Plaintiff demands a jury on all issues and claims set forth in this Civil Complaint pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38(b).

## PARTIES

10. Plaintiff Desjanava Kinslow ("Ms. Kinslow") is, and at all times relevant to this action was, a resident of the state of Pennsylvania. On February 3, 2020, Ms. Kinslow was arrested for charges of Firearms Not to Be Carried. Ms. Kinslow was ultimately found Not Guilty of Firearms Not to Be Carried because her firearm license was not legally suspended on February 3, 2020.

11. Defendant CITY OF PHILADELPHIA is, and at all times relevant to this Complaint, was a municipality located in the Commonwealth of Pennsylvania. The CITY OF PHILADELPHIA is, and at all times relevant to this Complaint, was officially responsible for the policies, customs, training, and practices of the Philadelphia District Attorney's Office and Philadelphia Police. The CITY OF PHILADELPHIA was at all times relevant to this action the employer of Defendants OFFICERS JOHN DOE 1-2 and ADA JOHN DOE.

12. Defendant ADA JOHN DOE, at all times relevant to this action, was an Assistant District Attorney in the Philadelphia County District Attorney's Office acting under color of law and within the scope of his employment.

13. Defendant OFFICERS JOHN DOE 1-2, at all times relevant to this action, were officers of the Philadelphia Police Department acting under color of law and within the scope of their employment pursuant to the statutes, regulations, policies, customs, and practices of the City of Philadelphia and Philadelphia Police Department.

## OPERATIVE FACTS

14. On February 3, 2020, Ms. Kinslow was pulled over by Defendants OFFICERS JOHN DOE 1-2 for an alleged motor vehicle code violation.

15. Upon the officers' request, Ms. Kinslow informed them that she did have a firearm on her person for which she had licensure.

16. Defendant OFFICERS JOHN DOE 1-2 alleged that her concealed carry status was revoked effective September 4, 2019 and as a result, Ms. Kinslow was arrested and charged with firearms violations.

17. On December 7, 2021 at trial, Defendant ADA JOHN DOE pursued a third degree felony charge of Firearms Not to be Carried without License against Ms. Kinslow.

18. On that same day, Ms. Kinslow was found Not Guilty by the Honorable Judge George Anthony Kyriakakis due to her license not being legally suspended on February 3, 2020.

19. Despite the lack of evidence and viable case against Ms. Kinslow, Defendants pursued prosecution in order to deny Ms. Kinslow her civil rights, falsely arrest her, and deny her due process of the law.

20. During the time of her trial as well as after her acquittal, Ms. Kinslow continues to struggle to find employment due to these charges.

21. Defendants OFFICERS JOHN DOE 1-2, and ADA JOHN DOE were at all times acting in their official capacity and under color of authority.

22. Defendant CITY OF PHILADELPHIA knew or should have known of the constitutional violations being committed by its employees, through the administration of general policies, practices, and training within the Philadelphia Police. Defendant CITY OF

4

PHILADELPHIA is therefore directly liable and responsible for the acts of Defendants OFFICERS JOHN DOE 1-2, and ADA JOHN DOE.

23. Defendants CITY OF PHILADELPHIA is liable for the acts of Defendants OFFICERS JOHN DOE 1-2 and ADA JOHN DOE because, as a matter of policy and practice, it has tolerated and permitted the pattern of deprivation of constitutional rights by its police and prosecution at the expense of the constitutional rights of Plaintiff and those similarly situated.

24. Defendant CITY OF PHILADELPHIA has, as a matter of policy, practice, and custom, failed to reprimand, sanction, or discipline or appropriately hire and/or fire officers whose actions and/or omissions lead to such unlawful conduct that violates the constitutional rights on Plaintiff and those similarly situated.

25. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

26. At no time relevant to this action did Plaintiff engage in any criminal behavior justifying Defendants' actions.

27. The actions and/or omissions of Defendants OFFICERS JOHN DOE 1-2 and ADA JOHN DOE through their employment by CITY OF PHILADELPHIA, were committed deliberately, intentionally, maliciously, and willfully.

28. The damages suffered by Plaintiff were the direct and proximate result of the conduct of the defendants jointly, severally, directly, or vicariously.

**COUNT I: 42 U.S.C. § 1983 MALICIOUS PROSECUTION**

29. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

30. Defendants OFFICERS JOHN DOE 1-2 initiated criminal charges against Plaintiff by arresting her for firearms offenses on February 3, 2020.

31. The proceeding was initiated without the requisite probable cause.

32. Defendant ADA JOHN DOE pursued prosecution against Plaintiff despite Plaintiff's case not being legally viable.

33. Defendants acted with malice in ensuring that Plaintiff be subject to criminal proceedings despite her legal innocence.

34. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against all Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

### COUNT II: 42 U.S.C. § 1983 FALSE ARREST

35. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

36. Defendant OFFICERS JOHN DOE 1-2 intended to arrest Plaintiff for VUFA offenses despite Plaintiff's valid firearm licensure.

...

37. Plaintiff KINSLOW was arrested pretrial and bailed out of pretrial confinement, so she was aware of her confinement.

38. There was no probable cause to arrest Plaintiff KINSLOW.

39. Plaintiff KINSLOW did not offer consent nor was the confinement privileged.

40. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

> **WHEREFORE**, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

### COUNT III: 42 U.S.C. § 1983 CIVIL RIGHTS CONSPIRACY

41. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

42. Defendant OFFICERS JOHN DOE 1-2 conspired with each other and Defendant ADA JOHN DOE in attempts to secure a conviction against Ms. Kinslow, despite the fact that Ms. Kinslow had her permit to carry and it had not been legally suspended on the date of her arrest.

43. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

WHEREFORE, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

### COUNT IV: 42 U.S.C. § 1983 SUBSTANTIVE DUE PROCESS

44. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

45. As a direct and proximate result of Defendants' actions, more specifically described above, Plaintiff's substantive due process rights, as protected by the Fourteenth Amendment to the United States Constitution, were violated and as a result, Plaintiff suffered grievous injury, including but not limited to wage loss, loss of opportunity, mental anguish, emotional distress, embarrassment, and Plaintiff's time, energy, and resources spent defending the criminal case.

46. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

47. Solely as a direct and proximate result of Defendants' conduct, Plaintiff suffered substantial damages, outlined above, including the costs of this suit.

WHEREFORE, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

## COUNT V: STATE LAW MALICIOUS PROSECUTION

48. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

49. Defendants OFFICERS JOHN DOE 1-2 initiated criminal charges against Plaintiff by arresting her for firearms offenses on February 3, 2020.

50. The proceeding was initiated without the requisite probable cause.

51. Defendant ADA JOHN DOE pursued prosecution against Plaintiff despite Plaintiff's case not being legally viable.

52. Defendants acted with malice in ensuring that Plaintiff be subject to criminal proceedings despite no violation of law taking place.

53. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

**WHEREFORE**, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages, and any other remedies legally appropriate.

## COUNT VI: STATE LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

2. As a direct result of the Defendants' unconstitutional negligent actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

      **WHEREFORE**, Plaintiff demands judgment in his favor, and against all Defendants jointly and severally including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages, and any other remedies legally appropriate.

### COUNT VII: STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

3. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

4. As a direct result of the Defendants' unconstitutional intentional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

      **WHEREFORE**, Plaintiff demands judgment in his favor, and against all Defendants jointly and severally including interest, delay damages, costs of suit, general and specific damages, punitive and exemplary damages, and any other remedies legally appropriate.

### COUNT VIII: 42 U.S.C. § 1983 MUNICIPAL LIABILITY

54. The preceding paragraphs are incorporated by reference as though they were laid out fully herein.

55. Defendant CITY OF PHILADELPHIA, by and through its lawmakers operated the Philadelphia Police Department and Philadelphia District Attorney's Office without support, training, appropriate staffing, and supervision regarding the risk of constitutional trial violations when officials operate under color of law and within the scope of their employment.

56. The need for policies, training, supervision, appropriate staffing, and resources is evidenced by the great deprivation of rights that occurs to an individual at the time of their arrest, incarceration, and commencement of criminal charges against them.

57. The risk of constitutional violations occurring where such policies, training, supervision, appropriate staffing, and resources do not exist is obvious and appropriate steps to remedy such lack of the above-listed were not taken.

58. The ongoing failure of Defendant CITY OF PHILADELPHIA, by and through its lawmakers, to implement policies to protect the constitutional rights of its citizens constitutes conscious disregard of Plaintiff's rights and deliberate indifference.

59. Such ongoing failure is the legal cause of the malicious prosecution, false arrest, and deprivation of civil rights that Ms. Kinslow experienced prior to obtaining a Not Guilty verdict and continues to experience in terms of lost employment opportunity.

60. As a direct result of the Defendants' unconstitutional actions, Plaintiff suffered serious economic and other injuries in the form of attorneys' fees incurred, emotional distress, wage loss, embarrassment, and time spent to defend the case for which Plaintiff seeks compensation.

    **WHEREFORE**, Plaintiff demands judgment in her favor, and against all Defendants jointly and severally pursuant to 42 U.S.C. § 1983 including interest, delay

damages, costs of suit, compensatory and punitive damages, and attorneys' fees under U.S.C. §§ 1985 and 1988, and any other remedies legally appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly, and severally, in an amount in excess of $150,000, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief: statutory damages; compensatory damages, including actual damages for economic injuries, including but not limited to wage loss, loss of opportunity, emotional distress, embarrassment, and time and attorney's fees spent defending the case; as well as attorney's fees and expenses, and costs of suit.

RESPECTFULLY SUBMITTED,

*Evan Hughes*

Evan T.L. Hughes, Esq.
Hughes Firm LLC
1617 JFK Blvd., Suite 2005
Philadelphia, PA 19103
215-454-6680
evan.hughes@hughesfirm.pro